## EMMA L. MAGILL *et al.*

*v.*

## THE DEWITT COUNTY SAVINGS BANK.

*Filed at Springfield June 15, 1888.*

1. SUBROGATION — *creditor of mortgagor — bringing into court the amount of the mortgage—subrogation to rights of mortgagee.* Where a creditor of a mortgagor of chattels is compelled, by an order of court in which he has filed a bill, to bring into court the amount secured by the mortgage, and the mortgagee, by leave of the court, withdraws the same, then, even though such order was erroneously made, the creditor will have the right, in equity, to be subrogated to the rights of the mortgagee under the mortgage.

2. CHATTEL MORTGAGE—*purchaser from mortgagor—creditors—of their relative rights.* If the owner of chattels which he has mortgaged, sells the same subject to the mortgage, and the purchaser recovers their full value in an action against the sheriff, who has levied upon and sold the same under execution against the mortgagor, such purchaser, as against the mortgagee, can not retain any more of the proceeds of his recovery than the excess over the sum due on the mortgage.

3. If a creditor of a mortgagor has his execution levied upon the mortgaged chattels, and the same are sold, and an action is brought against the sheriff by a purchaser from the mortgagor, who recovers judgment for the full value of the property, such recovery will be conclusive that such execution creditor has no right to hold any portion of the mortgaged property by virtue of his execution.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

In September, 1883, one DeLand borrowed of John Warner $2700, for which he gave his note, payable in six months, with his daughter, Emma L. Magill, and W. H. Wheeler, as sureties, secured also by a chattel mortgage on a lot of mules. On November 30, 1883, DeLand, on a settlement, was found to be indebted to his daughter, Mrs. Magill, in the sum of $16,000, for which sum he gave her his note, and at the same time he sold and delivered to her the mules, subject to the

Warner mortgage, the proceeds of which, after paying the mortgage debt, were to be applied on his note, and she, through her agent, took immediate possession of the mules.

The DeWitt County National Bank having, in December, 1883, recovered a judgment for $4765.80 and costs, against DeLand and others, on January 17, 1884, caused its execution to be levied upon the mules, and offered Warner, the mortgagee, to pay him the amount of his note and mortgage if he would assign the same to the bank, which he declined to do, whereupon Warner sued out a writ of replevin for the mules, against the sheriff. Before the execution of this writ, the bank sued out an injunction restraining any further steps being taken to execute the writ of replevin, the bill setting up the facts, and praying that Warner be compelled, on payment, to deliver to the bank the note and mortgage, and the mules were sold, under the execution, for $3878, which was paid to the bank, less the costs.

On January 28, 1884, Mrs. Magill, as the owner of the mules, brought replevin against the sheriff to recover their possession, but the coroner refused to execute the writ on account of the previous injunction. After the sheriff's sale of the mules, the writ of replevin was returned served on the sheriff, and that the mules could not be found, and Mrs. Magill thereupon filed her declaration in trover against the sheriff. On June 24, 1884, she recovered judgment against the sheriff for $3955.50.

On August 28, 1884, the bank filed its supplemental bill, setting up the recovery by Mrs. Magill against the sheriff, and asking that Warner be compelled to accept the tender made to him. On the following day, on the motion of Warner, the bank was ordered to deposit with the clerk of the court the $2700 before mentioned. On September 2, 1884, by order of court, this money was paid by the clerk to Warner. The bank then asked for an order that the note and chattel mortgage be turned over to it, which was denied by the court.

In November, 1884, the bank amended its bill, by making the sheriff, Wheeler and Mrs. Magill parties, and in March, 1885, Wheeler and Mrs. Magill answered the bill. The judgment of Mrs. Magill having been collected of the late sheriff, she was, on February 7, 1887, paid the sum of $4575.92 in full of the judgment, which fact was shown by a supplemental bill of the bank.

On the hearing of the bills, the court entered a decree that the bank be subrogated to all the rights and privileges of Warner in and to his mortgage, so far as the lien on the property was concerned, and that as to that, the bank stand in his place and stead, the same as if he retained the same, and that the mortgage on the mules, and the proceeds thereof, be held to subsist and exist on the proceeds of the same in the hands of Mrs. Magill, and requiring her to pay the bank, within thirty days, $3120.75, with interest at six per cent thereon from the date of the decree; and that upon payment thereof, the note and chattel mortgage be canceled and delivered to her, and that on default of such payment, execution issue for the same, and that the bank pay all the costs of the proceeding. Appellants appealed from this decree to the Appellate Court, and on its affirmance of the decree, appealed to this court.

Messrs. MOORE & WARNER, for the appellant:

The original bill being filed in the circuit court of DeWitt county for the purpose of restraining or staying the prosecution of a suit in the Macon circuit court, and for the purpose of restraining an officer of the last mentioned court from executing its process, the DeWitt circuit court did not have jurisdiction, and jurisdiction could not be given it by the action of any of the parties to the cause. Rev. Stat. chap. 69, sec. 4; *Yates* v. *Batavia,* 79 Ill. 500; *Harris* v. *Pullman,* 84 id. 20.

While the DeWitt County National Bank might pay the debt due John Warner, in the supposed interest of its junior

lien on the mules, it had no right to demand or have, under any circumstances, the note and chattel mortgage held by him. *Flachs* v. *Kelly,* 30 Ill. 462; *Handly* v. *Munsill,* 109 id. 362; *Ellsworth* v. *Lockwood,* 42 N. Y. 89; *Butler* v. *Taylor,* 5 Gray, 455; *Lamson* v. *Drake,* 105 Mass. 564; *Lamb* v. *Montague,* 112 id. 352; Jones on Mortgages, sec. 792; 23 Eng. Rep. (Moake's notes,) 210.

The alleged offer to pay the John Warner debt, being coupled with the condition that he surrender and deliver to the appellee the note and mortgage held by him, was not good as a tender, and appellee acquired no rights under it. A tender, to be good, must be made without condition. *Pulsifer* v. *Shepard,* 36 Ill. 513; *Holton* v. *Brown,* 18 Vt. 224; *Thayer* v. *Brackett,* 12 Mass. 450; *Wood* v. *Hitchcock,* 20 Wend. 47; *Sanford* v. *Bulkley,* 30 Conn. 344; *Roosevelt* v. *Bank,* 45 Barb. 579.

A pledge is a delivery of personal property to secure a debt or engagement, to be returned to the pledgor on payment of the debt, or performance of the engagement. Story on Bailments, sec. 286; *Corbett* v. *Underwood,* 83 Ill. 324.

The transfer of the mules by James DeLand to Mrs. Magill, with the agreement that she should sell them and apply the net proceeds as a credit on the amount he owed her, was neither in the nature of a pledge or mortgage, but an actual sale, and she became vested, immediately on their delivery to her, with absolute property in them. *Wells* v. *Miller,* 37 Ill. 276; *Ives* v. *Hartley,* 51 id. 520; *Lonergan* v. *Stewart,* 55 id. 44; *Piner* v. *Cover,* 55 id. 391; *Graff* v. *Fitch,* 58 id. 372; *McEwen* v. *Morey,* 60 id. 32; *Straus* v. *Minzesheimer,* 78 id. 492; *Richardson* v. *Olmstead,* 74 id. 213; 2 Kent, (7th ed.) sec. 39, pp. 605, 634, and notes; Story on Sales, sec. 220; Benjamin on Sales, (4th Am. ed.) 925; *Strong* v. *Kennedy,* 40 Mich. 327; *McConnell* v. *Hughes,* 29 Wis. 537; *Hoodley* v. *McLaine,* 10 Bing. 437; *Jewett* v. *Lincoln,* 14 Maine, 116; *Acebel* v. *Levy,* 10 Bing. 382; *Foster* v. *Magill,* 119 Ill. 75.

Mrs. Magill might lawfully receive the mules in satisfaction or part satisfaction of her debt, though the debtor was insolvent at the time, and other equally meritorious creditors were thereby prevented from collecting any part of the amount due them. *Gray* v. *St. John,* 35 Ill. 222; *Butters* v. *Haughwout,* 42 id. 18; *Wells* v. *Miller,* 37 id. 276; *Hessing* v. *McCloskey,* id. 341; *Waterman* v. *Donalson,* 43 id. 29; *Railroad Co.* v. *Watson,* 113 id. 195; *Foster* v. *Magill,* 119 id. 75.

An intermeddler, stranger or volunteer can not pay the secured debt of a third person, and then be subrogated to the rights of the creditor in the securities. *Suppiger* v. *Garrels,* 20 Bradw. 625; *Bayard* v. *McGraw,* 1 id. 141; *Falls* v. *City of Cairo,* 58 Ill. 403; *Bishop* v. *O'Conner,* 69 id. 431; *Lewis* v. *City Bank,* 72 id. 543; *Beaver* v. *Slanker,* 94 id. 175; *Acer* v. *Hotchkiss,* 97 N. Y. 393; *Sanford* v. *McLean,* 3 Paige Ch. 117; 7 Wait's Actions and Defenses, 402-405.

Mr. JAMES S. EWING, Mr. GEORGE B. GRAHAM, and Mr. R. A. LEMON, for the appellee:

The court had jurisdiction to render the decree it did. The court had the right to prevent the coroner from interfering with its process. Besides, Warner, by dismissing his replevin suit and accepting the tender of the amount of his note and chattel mortgage, waived all question as to jurisdiction.

Appellee had a right to have the note and chattel mortgage to John Warner turned over to the court, on payment of the note, and the court had the right to compel Mrs. Magill to return the money thus paid by appellee.

A junior incumbrancer or lienor of personal or real property has a right to pay the prior lien for the protection of his own, and be subrogated to all of the legal and equitable rights of the prior incumbrancer. *Armstrong* v. *McAlpine,* 18 Ohio St. 184; *Muir* v. *Berkshire,* 52 Ind. 149; Jones on Chattel Mortgages, secs. 658, 659; Sheldon on Subrogation, secs. 12, 15, 21, 77.

A party thus subrogated has both the right of property and possession, and can maintain trover against subsequent lienors. *Mosier's Appeal,* 56 Pa. St. 76 ; *Lewis* v. *Palmer,* 28 N. Y. 271.

Mr. Justice Scott delivered the opinion of the Court:

The decree in this case is so obviously just and equitable, the objections taken to it need not be discussed.     After the bank was compelled, under the order of the court, to bring into court the $2700 due on the Warner mortgage, and after the mortgagee, with the consent of the court, withdrew the amount so deposited and left with the court, and the chattel mortgage and the note thereby secured, it was the clear right of the bank to be subrogated to the rights of Warner under the chattel mortgage.   That, the decree did, and nothing more. After Mrs. Magill recovered the full value of the property covered by the chattel mortgage, from the sheriff of Macon county, in the action of trover against him, she ought at once, out of the proceeds, to have paid to Warner the amount due on her note with Wheeler, secured by the chattel mortgage, and that would have been the end of this whole expensive litigation. She took the property from her father subject to the chattel mortgage to Warner, and she could not rightfully retain any more of the proceeds than the excess over the mortgage, or what was left after paying off the mortgage.

The action at law against the sheriff of Macon county had settled, definitely and forever, that the bank was not entitled to hold any portion of the property on its execution against DeLand and others, and had the bank not been required to pay into court the amount alleged to be due Warner on the chattel mortgage, it would have had no standing in court, and its bill, no doubt, would have been dismissed at the hearing.     That was an improper order, but after it was made, and the money paid in compliance with it, and after the same was accepted by Warner, the court could do no less than to subrogate the

bank to the rights of Warner in the chattel mortgage, and decree, as was done, that Mrs. Magill should pay her note with Wheeler, secured by the mortgage, to the bank, which had, under the order of the court, paid it in her stead.

Complaint is made that the court did not direct that out of the proceeds of the mules in the hands of Mrs. Magill, the balance alleged to be due to Warner for interest, etc., and expenses incurred by Wheeler in respect to the business, should be paid. These are matters, if they exist at all, which the parties can settle among themselves, and it was not necessary the court should decree in regard to them.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*